IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| TOMMY REAVES | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. CBD-18-3787 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Before the Court is Defendant United States of America's Motion to Dismiss ("Defendant's Motion")(ECF No. 16).[1] The Court has reviewed Defendant's Motion. No substantive opposition was filed, merely a one sentence statement asserting: "I wish not to dismiss this case and to proceed (sic) the case." No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS Defendant's Motion.

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." Velencia v. Drezhlo, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Id. (quoting Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006)). In doing so, the Court must keep in mind the requirements of Fed. R. Civ. P. 8, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009),

---

[1] The United States was granted permission to substitute as a party for Daniel Sanders, Jr. on March 5, 2019 after certifying that the alleged misconduct occurred with the scope of United States Postal Service employment. (ECF No. 21)

when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678–79.  See Velencia, 2012 WL 6562764, at *4 (discussing standard from Iqbal and Twombly).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  At this stage of the proceedings, the Court must accept the well pled facts alleged in complaint as true.  See Aziz v. Alcolac, 658 F.3d 388, 390 (4th Cir. 2011).

## II. The Federal Courts Lack Subject Matter Jurisdiction.

Plaintiff filed his claim for slander in state court, pro se, a mere 3 days after the alleged slander which arose on October 13, 2018.  After the case was removed to federal court, Plaintiff amended his complaint to include a claim of false imprisonment.  See Amended Complaint ("Am. Compl.") ECF No. 10.

### A. The Government Enjoys Sovereign Immunity for Claims of Slander or False Imprisonment.

The starting point for analysis is the notion of sovereign immunity.  Reaching at least as far back as the days of common law England, one could not sue the king without his permission. As the founders of our nation adopted the common law, the nation embraced the idea that the government could not be sued unless permission was granted.  While ordinarily the government cannot be sued, for many claims that permission is found in the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b), which allows the federal government to be sued for specific

2

types of wrongs in a specific fashion.  Failure to follow the Government's rules of engagement prevents the prosecution of claims.

What the Government giveth, it can also taketh away.  Namely, the FTCA also comes with a listing of the types of lawsuits that are not permitted.  This amounts to an exception to the exception.  The law makes clear that the Government cannot be sued for "any claim arising out of . . . false imprisonment . . . , [or] slander . . . ."  18 U.S.C. § 2680(h) (2006).  This Court has recently made this point very clear for claims like the present one which allege torts committed within the scope of employment by federal employees.  Khatami v. Compton, 844 F. Supp. 2d 654, 664 (D. Md. 2012).  For this reason, this Court does not have jurisdiction to resolve these claims and Defendant's Motion must be GRANTED.

> **B.** **Plaintiff Has Failed to Show That He Has Exhausted His Administrative Remedies.**

Even assuming the federal government permitted claims such as those presented by Plaintiff, the law also requires that a certain process be followed.  Given the near instant election to file a lawsuit for the claimed wrongful actions of his supervisor, there can be no dispute but that Plaintiff went to court, went directly to court, and did not slow down to allow for pursuit of relief by way of the administrative proceeding that is required.  While Plaintiff's lack of knowledge of this requirement is understandable, the law is unyielding.

To pursue the claims presented here, Plaintiff must file an administrative action first.  The law states that

> [a]n action shall not be institute upon a claim against the United States for money damages for injury . . . or personal injury . . . , unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .

28 U.S.C. §2675(a) (1966). Assuming the claim is denied by the appropriate agency, then and only then, can a lawsuit be filed in the federal courts. This is known as exhausting one's administrative remedies. "The failure to completely exhaust administrative remedies before filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after the suit is filed." <u>Sirnik v. United States Justice Dept.</u>, Civ. A. No. PWG-16-956, 2016 WL 2930908 at *2 (D. Md. May 18, 2016). For this reason, the Court does not have jurisdiction to resolve these claims, and Defendant's Motion must be GRANTED.

**III.     Conclusion**

For the reasons set forth above, Defendants' Motion is GRANTED

May 17, 2019                                          /s/
                                          Charles B. Day
                                          United States Magistrate Judge